(No. 1868— )

NELLIE M. BUTLER, ADMINISTRATRIX OF THE ESTATE OF MICHAEL P. BUTLER, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1934.*

HUNTER, KAVANAGH & MCLAUGHLIN; DOYLE, SAMPSON & GIFFIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This is an action by the Administratrix of the Estate of Michael P. Butler, deceased, under a claim filed December 31, 1931, alleging damages in the sum of Ten Thousand Dollars ($10,000.00) for the death of the said Michael P. Butler. The latter was an inmate of the Peoria State Hospital under a commitment on December 2, 1930. On December 30, 1930, he was engaged, with other inmates, in removing dry goods from the basement of the building known as the store-house to the third floor thereof. The elevator in use was also being operated by one of the inmates. On one trip, after one box had been unloaded from the elevator, and while Butler and another inmate were still in the elevator, for some unknown reason the elevator fell a distance of several feet and one of the large boxes fell back into the elevator from the landing, crushing Butler and the other inmate so that death resulted. Deceased Butler left a widow and four children under sixteen years of age. The elevator was under the supervision of one Ira Broyhill and the elevator was operated by means of cables and ropes. Decedent died January 1, 1931, as a result of the injuries sustained. The Peoria State Hospital is one of the State charitable institutions and in maintaining it the State is exercising a part of its governmental functions. In the conduct of its charitable and penal institutions, neither the State nor any of its agencies are liable for damages caused by the negligence of those in charge of or employed in such institutions. The institution is maintained solely for the benefit of the public, and there exists no legal liability upon the part of the State nor the institution for the negligence of its officers or servants there employed, nor can the State legally or as a matter of public policy be held to respond in damages for the negligence or wrongful acts of the inmates in their relation with each other. It is contended that the accident in question was wholly the result of a faulty elevator and the evidence discloses that the elevator had been frequently repaired and that in May, 1931, it was replaced by a modern elevator, but whether this was the immediate cause or whether some act upon the part of the other inmate Mike Bell, who was operating the elevator, cannot be definitely known from the evidence. At any rate this court has uniformly held that in such cases an award can-

not be justified upon any legal ground. *Hemmerling* vs. *State*, 2 C. C. R. 316. *Pelka* vs. *State*, 6 C. C. R. 390. *Sturrock etc.* vs. *State*, 7 C. C. R. 157. *McInturff* vs. *State*, 5 C. C. R. 314.

It is true that in occasional instances this court has in past years departed from the rule, but the court is not in accord with the interpretation of the extent of the court's power under equity and good conscience, as given in those cases.

In the case at bar, counsel for claimant in his reply brief indicates that he relies entirely upon a broad interpretation of an allowance under equity and good conscience. As stated by this court in *Crabtree* vs. *State*, 7 C. C. R. 207,

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: 'to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contractu* and *ex delicto*, which the State as a sovereign commonwealth, should, in equity and good conscience, discharge and pay;' merely defined the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

The claimant having failed to bring himself within the provisions of the law entitling him to an award, there is nothing this court can do but deny the claim."

The court believes that the ruling in the Crabtree case should be adhered to in this case, and an award is therefore denied and the claim dismissed.